IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT PIPER, | § | |
| | § | |
| Defendant Below, | § | No. 164, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 2209003503 (S) |
| | § | 2209003513 (S) |
| Appellee. | § | 2209003519 (S) |
| | § | 2209006351 (S) |

Submitted: August 2, 2024
Decided: August 13, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The defendant below-appellant, Robert Piper, filed this appeal from a Superior Court order dismissing his appeals from violation-of-probation ("VOP") sentences imposed in the Court of Common Pleas. For the reasons discussed below, we reverse the Superior Court's judgment.

(2)    On December 13, 2023, the Court of Common Pleas found that Piper had violated his probation in four separate cases. The Court of Common Pleas sentenced Piper for the VOPs as follows: (i) for shoplifting in Cr. ID No. 220903503, one year of Level V incarceration, suspended after ninety days; (ii) for shoplifting

in Cr. ID No. 220903513, one year of Level V incarceration, suspended after ninety days; (iii) for shoplifting in Cr. ID No. 2209003519, one year of Level V incarceration, suspended after ninety days; and (iv) for shoplifting in Cr. ID No. 2209006351, one year of Level V incarceration, suspended after ninety days.

(3) According to the dockets for the cases in the Court of Common Pleas, Piper filed a document request and affidavit in support of an application to proceed *in forma pauperis* on December 22, 2023. A Court of Common Pleas judge granted the application on December 27, 2023. The dockets next show a document received from Piper on February 12, 2024. In the document (which was captioned in the Superior Court), Piper inquired about the status of his appeals, stating he had received a status sheet showing the granting of his application to proceed *in forma pauperis* but not showing anything for his appeals. In a letter dated February 15, 2024, the Court of Common Pleas told Piper that neither the Court of Common Pleas nor the Superior Court had received any appeals from him.

(4) According to the docket for the cases in the Superior Court, Piper filed a notice of appeal from the December 13, 2023 VOP sentences on March 6, 2024. The Superior Court dismissed the appeals because they were filed more than fifteen days after the Court of Common Pleas had sentenced Piper for his VOPs. This appeal followed.

(5)     On appeal, Piper contends that he mailed his notice of appeal to the Superior Court on December 18, 2023. He includes a prison mail log showing that, on December 18, 2023, he mailed documents to the Sussex County Courthouse Prothonotary. In denying the State's motion to affirm, the Court directed the State to address in its answering brief Piper's contention that the prison mail log showed he had mailed a timely notice of appeal to the Sussex County Prothonotary.

(6)     The State admits in its answering brief that the Superior Court received Piper's notice of appeal from the December 13, 2023 VOP sentences on December 22, 2023. The State includes a copy of this notice of appeal, which is captioned in the Superior Court and marked with a December 22, 2023 Sussex County Prothonotary stamp, in its appendix. Although the notice of appeal contained the case numbers for the Court of Common Pleas cases, the notice was mistakenly entered and docketed in different cases that Piper already had pending in the Superior Court. Attributing this mistake to court-related personnel, the State avers that the Superior Court erred in dismissing Piper's appeals as untimely.

(7)     We agree that Piper's appeals to the Superior Court should not have been dismissed as untimely. Under Superior Court Criminal Rule 39(a), Piper had to file his appeals within fifteen days from the date of his VOP sentences in the Court of Common Pleas. Piper was sentenced for his VOPs on December 13, 2023 so he had until December 28, 2023 to submit a timely appeal to the Superior Court. As

3

demonstrated by the State, the Superior Court received Piper's notice of appeal on December 22, 2023. The appeals were therefore timely and should not have been dismissed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED. The matter is REMANDED for the Superior Court to consider Piper's appeals from the Court of Common Pleas. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

4